AUTOMOTIVE COLLATERAL COMPANY, RESPONDENT, v.
I. F. HUNTZINGER COMPANY, APPELLANT.

Submitted October 29, 1925—Decided February 1, 1926.

On appeal from the Supreme Court.

For the appellant, *D. Trueman Stackhouse.*

For the respondent, *Carr & Carroll.*

PER CURIAM.

The plaintiff entered into a contract with the defendant, under the terms of which a certain automobile, known as a "Stanley Steamer," was leased by the plaintiff to the defendant upon certain conditions, and contained, among other provisions, the following:

"The lessee shall keep the machine insured against loss by fire or theft with insurance companies acceptable to the lessor, for not less than the amount owing under the terms of this lease and until fully paid, payable to, and to protect the interest of, the lessor, and the lessor may place and renew said insurance for the lessee at the lessee's expense, if the lessor so elects."

By stipulation between the attorneys for the respective parties, it was agreed that defendant was entitled to a credit against the purchase price of $1,129.15, leaving a balance due, exclusive of interest, of $1,120.85, which balance was subject to reduction by such sum, if any, as might be found to be due from the plaintiff to the defendant for insurance moneys.

A jury being waived, the case was submitted to Circuit Judge Donges, who delivered the following opinion:

"It seems to me that, under the terms of the lease agreement, it is provided that the lessee shall keep the machine insured against loss by fire or theft, with in-

surance companies acceptable to the lessor, or that the lessor might itself place insurance. Now, that requires only fire and theft insurance. Under the insurance certificate delivered by the plaintiff to the defendant, it appears that the insurance originally obtained was to cover fire, theft and collision, so that it seems to me that the defendant had a perfect right to assume a renewal, in the absence of a notice to the contrary, would cover fire, theft and collision—in other words, that such coverage would be continued unless he was advised of some change. So, that that brings us to the question of what duties and liabilities arose under the insurance certificate and the subsequent correspondence taking place between the parties. It appears that the plaintiff advised the defendant that it had insured the car, and that a premium of $18.80 was payable. A letter, some days later or some weeks later, advising the defendant, or one of the officers of the defendant company, to forward a check, was sent, in response to which it appears that the defendant company forwarded such check with a letter which states — it may have been an inadvertence, it may have been ill-advised, as the witness Mrs. Burrough says— but it does state, 'Enclosed find check for $18.80 for fire and theft insurance on Stanley Steamer.' Now that, taken in connection with the letters which subsequently passed, the letters of November 20th and December 8th, which I am bound to find were written and sent by the plaintiff in due course to the defendant, advised the defendant that the insurance had been canceled and that no new insurance could be effected. It seems to me that put the defendant thereupon on notice that it was without insurance, and that the defendant could not then sit down on its rights, under the obligation imposed upon it in the lease agreement to furnish insurance, and rely upon the plaintiff to furnish the insurance, because the plaintiff had notified the defendants that it had not procured insurance, and that the defendant should act in the matter. In that situation it seems to me that I must find that the defendant was upon notice, that there was no duty then upon the plaintiff company, because it had

advised that it was not carrying it, which it might have done, perhaps, but did not, and there was no reason to assume that it would, and that no other insurance had been secured, so that it may be fairly assumed, I think, that the plaintiff, the lessor, was relying upon the condition in the lease agreement that the lessee should furnish insurance, so that these views result, in my conclusion, that the plaintiff is entitled to a verdict."

In pursuance of this finding the plaintiff had judgment and the defendant appeals to this court. In our opinion that judgment should be affirmed, for the reasons expressed in the opinion delivered by Donges, Circuit Judge.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 16.

*For reversal*—None.